# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Marisela Turner

## DEFENDANTS
The Trustees of the University of Pennsylvania

**(b)** County of Residence of First Listed Plaintiff: **Montgomery**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Delaware**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mary Kramer, Esq., Murphy Law Group, LLC, Eight Penn Center, Ste. 2000, 1628 JFK Blvd, Philadelphia, PA 19103: Tel. 267-273-1054

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e, et seq. and 42 U.S.C. § 1981
Brief description of cause:
Discrimination and retaliation

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes    [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: May 5, 2022
SIGNATURE OF ATTORNEY OF RECORD: /s/ Mary Kramer

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1226 Linwood Avenue, Norristown, PA 19401__

Address of Defendant: __145 King of Prussia Road, Radnor, PA 19087__

Place of Accident, Incident or Transaction: __145 King of Prussia Road, Radnor, PA 19087__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __05/05/2022__   __Mary Kramer__   __324078__
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

| A. | *Federal Question Cases:* | B. | *Diversity Jurisdiction Cases:* |
|---|---|---|---|
| ☐ 1. | Indemnity Contract, Marine Contract, and All Other Contracts | ☐ 1. | Insurance Contract and Other Contracts |
| ☐ 2. | FELA | ☐ 2. | Airplane Personal Injury |
| ☐ 3. | Jones Act-Personal Injury | ☐ 3. | Assault, Defamation |
| ☐ 4. | Antitrust | ☐ 4. | Marine Personal Injury |
| ☐ 5. | Patent | ☐ 5. | Motor Vehicle Personal Injury |
| ☐ 6. | Labor-Management Relations | ☐ 6. | Other Personal Injury (Please specify): _____ |
| ☒ 7. | Civil Rights | ☐ 7. | Products Liability |
| ☐ 8. | Habeas Corpus | ☐ 8. | Products Liability – Asbestos |
| ☐ 9. | Securities Act(s) Cases | ☐ 9. | All other Diversity Cases |
| ☐ 10. | Social Security Review Cases |  | *(Please specify):* _____ |
| ☐ 11. | All other Federal Question Cases |  |  |
|  | *(Please specify):* _____ |  |  |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Mary Kramer, Esq.__, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __05/05/2022__   __Mary Kramer__   __324078__
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| MARISELA TURNER : | |
| 1226 Linwood Avenue : | |
| Norristown, PA 19401 : | |
| Plaintiff, : | |
| : | Civil Case No.: _____ |
| v. : | |
| : | **JURY TRIAL DEMANDED** |
| THE TRUSTEES OF THE UNIVERSITY : | |
| OF PENNSYLVANIA : | |
| 145 King of Prussia Road : | |
| Radnor, PA 19087 : | |
| Defendant. : | |

---

## COMPLAINT – CIVIL ACTION

Plaintiff, Marisela Turner ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Defendant, The Trustees of the University of Pennsylvania ("Defendant"), alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action to redress violations by Defendant of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"), for unlawfully terminating Plaintiff's employment on the basis of her race and in retaliation for her complaints of discrimination with respect to same.[1]

## PARTIES

2. Plaintiff, Marisela Turner, is a citizen of the United States and the Commonwealth of Pennsylvania, currently residing at 1226 Linwood Avenue, Norristown, PA 19401.

---

[1] Plaintiff intends to amend her Complaint to include a count under the Pennsylvania Human Relations Act (the "PHRA"), 43 Pa. C.S.A. § 951, *et seq.*, once her claims have been administratively exhausted with the Pennsylvania Human Relations Commission, which will occur on September 1, 2022. Plaintiff's claims under the PHRA would mirror Plaintiff's Title VII claims discussed herein.

1

3. Defendant, The Trustees of the University of Pennsylvania d/b/a Penn Medicine Group, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and currently maintains a business located at 145 King of Prussia Road, Radnor, PA 19087.

## JURISDICTION AND VENUE

4. On or about September 1, 2021, Plaintiff filed a Charge of Discrimination against Defendants with the United States Equal Employment Opportunity Commission (the "EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission (the "PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e). Plaintiff's EEOC Charge was docketed as Charge No. 530-2021-02508 and was filed within three hundred (300) days of the unlawful employment practice alleged herein.

5. By correspondence dated February 22, 2022, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising Plaintiff she had ninety (90) days to file suit against Defendant.

6. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

7. Plaintiff filed the instant action within the statutory time frame applicable to her claims.

8. This action is authorized and initiated pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981.

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

10. This Court has pendant jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as her federal claims.

11. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business herein, and the unlawful practices of which Plaintiff is complaining were committed in this judicial district.

## FACTUAL ALLEGATIONS

12. Paragraphs 1 through 11 are hereby incorporated by reference as though the same were fully set forth at length herein.

13. Plaintiff began her employment with Defendant on or about January 9, 2017, in the position of Phlebotomist in Defendant's Chester County Hospital, located in West Chester, Pennsylvania.

14. Plaintiff transferred to Defendant's Pennsylvania Hospital at the Spruce Street in Philadelphia, Pennsylvania in or around April of May 2018.

15. At all times material hereto, Plaintiff received positive reviews of her performance and received no justifiable discipline.

16. During the course of her employment with Defendant, Plaintiff was routinely treated differently because of her race (Hispanic) by Defendant's employees, specifically her supervisors, who were all white.

17. In fact, at all times during the course of her employment with Defendant, Plaintiff was the only Hispanic employee in her department.

18. Throughout her tenure with Defendant, Plaintiff was subjected to disparate treatment based on her race.

19. While working for Defendant at the Spruce Street location, Plaintiff's direct supervisor was Alice Murphy ("Ms. Murphy"), who is white.

20. Ms. Murphy would routinely treat Plaintiff differently than she would treat Plaintiff's non-Hispanic coworkers. When Plaintiff asked Ms. Murphy for advice in advancing Plaintiff's career, with a goal of moving towards a management-based track, Ms. Murphy told Plaintiff that Plaintiff was too "ghetto" for management.

21. Plaintiff filed a formal Complaint with Human Resources on July 15, 2019 regarding Ms. Murphy's discriminatory treatment and identified five (5) instances of discriminatory treatment; however, this Complaint did not stop Ms. Murphy's behavior towards Plaintiff.

22. In or around November 2020, Plaintiff transferred from Defendant's Spruce Street location to its Radnor location in the Department of Laboratory-Medicine Radnor in the position of Phlebotomist. Plaintiff was still the only Hispanic employee in her department at this location.

23. At the Radnor location, Plaintiff's director supervisor was Donna Kirn ("Ms. Kirn"), who is white, and Ms. Kirn's supervisor was Lynn Vespasiani ("Ms. Vespasiani"), who is also white.

24. Upon Plaintiff's information and belief, Ms. Vespasiani is personal friends with Ms. Murphy.

25. While working at Radnor, Plaintiff was held to different professional standards than those of her non-Hispanic coworkers.

26. By way of example, on or about September 23, 2020, Plaintiff was given a coaching for missing one of the ordered tests on a prescription, which required the patient to be called back for a redraw.

27. Plaintiff believes, and therefore avers, that her non-Hispanic coworker, Whitney Yacobenas ("Ms. Yacobenas"), another Phlebotomist in Plaintiff's department who also worked under the supervision of Ms. Kirn, had previously missed tests on prescriptions to the extent the test was never completed at all. Plaintiff believes, and therefore avers, that Ms. Yacobenas received minor discipline or no discipline at all for these mistakes.

28. Additionally, Plaintiff believes, and therefore avers, that another non-Hispanic coworker, Kim Sanders ("Ms. Sanders"), another Phlebotomist in Plaintiff's department who also worked under the supervision of Ms. Kirn, would mix up patient's names when putting in orders. Specifically, Ms. Sanders would put the wrong name on the wrong tube of blood. Ms. Sanders was never written up for her errors, despite her mistakes being common knowledge in the department.

29. However, on or about October 14, 2020, Plaintiff was given a first written warning for missing a signature on a blood bank form.

30. As a result, Ms. Kirn stated that Plaintiff "gravely affected patient care" with this error, despite never receiving any complaints from the physicians and/or patients in connection thereto.

31. Plaintiff's coworkers, Helen Magallon ("Ms. Magallon") and Deven Troutman ("Ms. Troutman"), advised Plaintiff that they believed she was being held to a different standard than her co-workers.

32. Ms. Magallon is a laboratory technician who handles the specimens before anyone else and sees errors before anyone else. Ms. Magallon, along with two other laboratory technicians, witnessed both Ms. Yacobenas and Ms. Sanders routinely making the same or worse mistakes than Plaintiff without facing any kind of discipline.

33. On or about March 17, 2021, Plaintiff was abruptly terminated upon reporting for her shift, effective immediately, allegedly in accordance with Defendant's Performance Improvement and Progressive Steps Policy and as a result of an incident on March 16, 2021, during which Defendant alleges Plaintiff failed to follow established procedures and displayed inappropriate conduct that disrupted patient care.

34. On March 16, 2021, Plaintiff and a non-Hispanic coworker, Sophia Hill-Glenn ("Ms. Hill-Glenn"), another Phlebotomist in Plaintiff's department who also worked under the supervision of Ms. Kirn, were involved in an argument about a patient's care.

35. Following this incident, Plaintiff immediately reached out to Ms. Kirn through text messages and later by email making suggestions on how future issues could be avoided.

36. Upon information and belief, Ms. Hill-Glenn also reached out to Ms. Kirn on March 16, 2021.

37. It should be noted that Ms. Hill-Glenn has targeted Plaintiff in the past due to Ms. Hill-Glenn and her husband, Antonio Glenn ("Mr. Glenn"), who is also non-Hispanic, involving Plaintiff in their personal affairs.

38. Mr. Glenn is the Assistant Director of Environmental Services at Pennsylvania Hospital.

39. Plaintiff believes, and therefore avers, that Mr. Glenn previously worked with Ms. Vespasiani.

40. Neither Plaintiff nor Ms. Hill-Glenn was placed on administrative leave while an investigation was conducted.

41. Upon information and belief, the decision to terminate Plaintiff was made the morning of March 17, 2021 by Ms. Kirn, Ms. Vespasiani, and Jana Romano, Associate Chief Human Resources Officer, who is also white.

42. Upon information and belief, Ms. Hill-Glenn was not disciplined for the March 16, 2021 incident in any way.

43. Accordingly, based on the foregoing, Plaintiff believes she was subjected to severe and/or pervasive harassment and terminated from employment on the basis of her race, and in retaliation for making good-faith complaints of race discrimination and/or harassment in connection thereto, in violation of Title VII and Section 1981.

## COUNT I
## DISCRIMINATION & RETALIATION
## TITLE VII, 42 U.S.C. § 2000e, *et seq.*

44. Paragraphs 1 through 43 are hereby incorporated by reference as though the same were fully set forth at length herein.

45. Defendant employed at least fifteen (15) employees at its location at all times relevant hereto.

46. Plaintiff is Hispanic, and as such is a member of a class protected under Title VII from unlawful discrimination or harassment because of race.

47. Plaintiff made good-faith complaints of discrimination on the basis of race.

48. Defendant failed to take appropriate remedial action to address Plaintiff's complaints.

49. Plaintiff was retaliated against for making good-faith complaints of discrimination on the basis of her race by being terminated from employment.

7

50. Defendant acted with reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

51. Because of Defendant's unlawful acts, Plaintiff suffered damages in the form of, *inter alia*, mental and emotional damages, loss of reputation, personal humiliation, and loss of life's enjoyment.

52. As a direct result of Defendant's deliberate, unlawful, wanton, and malicious actions, Plaintiff has suffered emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT II
## DISCRIMINATION & RETALIATION
## 42 U.S.C. § 1981

53.      Paragraphs 1 through 52 are hereby incorporated by reference as though the same were fully set forth at length herein.

54.      Plaintiff avers that Defendant discriminated against her with respect to the terms and conditions of her employment on account of her race and retaliated against Plaintiff for her good-faith internal complaints of race discrimination, ultimately leading to her termination from employment in connection thereto. Plaintiff has suffered damages and seeks relief for these willful adverse actions.

55.      Defendant's actions as aforesaid constitute violations of 42 U.S.C. § 1981.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgement in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.      Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00), and sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

B.      Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

C.      Pre-judgment interest in an appropriate amount; and

D.      Such other and further relief as is just and equitable under the circumstances.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

                    Respectfully submitted,

                    **MURPHY LAW GROUP, LLC**

By: *Mary Kramer*
                    Mary Kramer, Esq.
                    Michael Murphy, Esq.
                    Eight Penn Center, Suite 1803
                    1628 John F. Kennedy Blvd.
                    Philadelphia, PA 19103
                    TEL: 267-273-1054
                    FAX: 215-525-0210
                    mkramer@phillyemploymentlawyer.com
                    murphy@phillyemploymentlawyer.com
                    *Attorneys for Plaintiff*

Dated: May 5, 2022

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.