**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

MARISELA TURNER                                :
                                           :
   Plaintiff,                   :
                                           : Civil Case No.: 22-1736
 v.                                        :
                                           : **JURY TRIAL DEMANDED**
THE TRUSTEES OF THE UNIVERSITY                 :
OF PENNSYLVANIA                                :
                                           :
   Defendant.                    :

---

## FIRST AMENDED COMPLAINT

Plaintiff, Marisela Turner ("Plaintiff"), by and through her undersigned attorney, for her First Amended Complaint against Defendant, The Trustees of the University of Pennsylvania ("Defendant"), alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action to redress violations by Defendant of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq* for unlawfully terminating Plaintiff's employment on the basis of her race and in retaliation for her complaints of discrimination with respect to same.

## PARTIES

2. Plaintiff, Marisela Turner, is a citizen of the United States and the Commonwealth of Pennsylvania, currently residing at 1226 Linwood Avenue, Norristown, PA 19401.

3. Defendant, The Trustees of the University of Pennsylvania d/b/a Penn Medicine Group, is a corporation organized and existing under the laws of the Commonwealth of

1

Pennsylvania, and currently maintains a business located at 145 King of Prussia Road, Radnor, PA 19087.

## JURISDICTION AND VENUE

4. On or about September 1, 2021, Plaintiff filed a Charge of Discrimination against Defendants with the United States Equal Employment Opportunity Commission (the "EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission (the "PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e). Plaintiff's EEOC Charge was docketed as Charge No. 530-2021-02508 and was filed within three hundred (300) days of the unlawful employment practice alleged herein.

5. By correspondence dated February 22, 2022, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising Plaintiff she had ninety (90) days to file suit against Defendant.

6. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

7. Plaintiff filed the instant action within the statutory time frame applicable to her claims.

8. This action is authorized and initiated pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981.

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

10. This Court has pendant jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as her federal claims.

11. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business herein, and the unlawful practices of which Plaintiff is complaining were committed in this judicial district.

## **FACTUAL ALLEGATIONS**

12. Paragraphs 1 through 11 are hereby incorporated by reference as though the same were fully set forth at length herein.

13. Plaintiff began her employment with Defendant on or about January 9, 2017, in the position of Phlebotomist in Defendant's Chester County Hospital, located in West Chester, Pennsylvania.

14. Plaintiff transferred to Defendant's Pennsylvania Hospital at the Spruce Street in Philadelphia, Pennsylvania in or around April of May 2018.

15. At all times material hereto, Plaintiff received positive reviews of her performance and received no justifiable discipline.

16. During the course of her employment with Defendant, Plaintiff was routinely treated differently because of her race (Hispanic) by Defendant's employees, specifically her supervisors, who were all white.

17. In fact, at all times during the course of her employment with Defendant, Plaintiff was the only Hispanic employee in her department.

18. Throughout her tenure with Defendant, Plaintiff was subjected to disparate treatment based on her race.

19. While working for Defendant at the Spruce Street location, Plaintiff's direct supervisor was Alice Murphy ("Ms. Murphy"), who is white.

20. Ms. Murphy would routinely treat Plaintiff differently than she would treat Plaintiff's non-Hispanic coworkers. When Plaintiff asked Ms. Murphy for advice in advancing Plaintiff's career, with a goal of moving towards a management-based track, Ms. Murphy told Plaintiff that Plaintiff was too "ghetto" for management.

21. Plaintiff filed a formal Complaint with Human Resources on July 15, 2019 regarding Ms. Murphy's discriminatory treatment and identified five (5) instances of discriminatory treatment; however, this Complaint did not stop Ms. Murphy's behavior towards Plaintiff.

22. In or around November 2020, Plaintiff transferred from Defendant's Spruce Street location to its Radnor location in the Department of Laboratory-Medicine Radnor in the position of Phlebotomist. Plaintiff was still the only Hispanic employee in her department at this location.

23. At the Radnor location, Plaintiff's director supervisor was Donna Kirn ("Ms. Kirn"), who is white, and Ms. Kirn's supervisor was Lynn Vespasiani ("Ms. Vespasiani"), who is also white.

24. Upon Plaintiff's information and belief, Ms. Vespasiani is personal friends with Ms. Murphy.

25. While working at Radnor, Plaintiff was held to different professional standards than those of her non-Hispanic coworkers.

26. By way of example, on or about September 23, 2020, Plaintiff was given a coaching for missing one of the ordered tests on a prescription, which required the patient to be called back for a redraw.

27. Plaintiff believes, and therefore avers, that her non-Hispanic coworker, Whitney Yacobenas ("Ms. Yacobenas"), another Phlebotomist in Plaintiff's department who also worked

under the supervision of Ms. Kirn, had previously missed tests on prescriptions to the extent the test was never completed at all. Plaintiff believes, and therefore avers, that Ms. Yacobenas received minor discipline or no discipline at all for these mistakes.

28. Additionally, Plaintiff believes, and therefore avers, that another non-Hispanic coworker, Kim Sanders ("Ms. Sanders"), another Phlebotomist in Plaintiff's department who also worked under the supervision of Ms. Kirn, would mix up patient's names when putting in orders. Specifically, Ms. Sanders would put the wrong name on the wrong tube of blood. Ms. Sanders was never written up for her errors, despite her mistakes being common knowledge in the department.

29. However, on or about October 14, 2020, Plaintiff was given a first written warning for missing a signature on a blood bank form.

30. As a result, Ms. Kirn stated that Plaintiff "gravely affected patient care" with this error, despite never receiving any complaints from the physicians and/or patients in connection thereto.

31. Plaintiff's coworkers, Helen Magallon ("Ms. Magallon") and Deven Troutman ("Ms. Troutman"), advised Plaintiff that they believed she was being held to a different standard than her co-workers.

32. Ms. Magallon is a laboratory technician who handles the specimens before anyone else and sees errors before anyone else. Ms. Magallon, along with two other laboratory technicians, witnessed both Ms. Yacobenas and Ms. Sanders routinely making the same or worse mistakes than Plaintiff without facing any kind of discipline.

33. On or about March 17, 2021, Plaintiff was abruptly terminated upon reporting for her shift, effective immediately, allegedly in accordance with Defendant's Performance Improvement and Progressive Steps Policy and as a result of an incident on March 16, 2021, during

which Defendant alleges Plaintiff failed to follow established procedures and displayed inappropriate conduct that disrupted patient care.

34. On March 16, 2021, Plaintiff and a non-Hispanic coworker, Sophia Hill-Glenn ("Ms. Hill-Glenn"), another Phlebotomist in Plaintiff's department who also worked under the supervision of Ms. Kirn, were involved in an argument about a patient's care.

35. Following this incident, Plaintiff immediately reached out to Ms. Kirn through text messages and later by email making suggestions on how future issues could be avoided.

36. Upon information and belief, Ms. Hill-Glenn also reached out to Ms. Kirn on March 16, 2021.

37. It should be noted that Ms. Hill-Glenn has targeted Plaintiff in the past due to Ms. Hill-Glenn and her husband, Antonio Glenn ("Mr. Glenn"), who is also non-Hispanic, involving Plaintiff in their personal affairs.

38. Mr. Glenn is the Assistant Director of Environmental Services at Pennsylvania Hospital.

39. Plaintiff believes, and therefore avers, that Mr. Glenn previously worked with Ms. Vespasiani.

40. Neither Plaintiff nor Ms. Hill-Glenn was placed on administrative leave while an investigation was conducted.

41. Upon information and belief, the decision to terminate Plaintiff was made the morning of March 17, 2021 by Ms. Kirn, Ms. Vespasiani, and Jana Romano, Associate Chief Human Resources Officer, who is also white.

42. Upon information and belief, Ms. Hill-Glenn was not disciplined for the March 16, 2021 incident in any way.

43. Accordingly, based on the foregoing, Plaintiff believes she was subjected to severe and/or pervasive harassment and terminated from employment on the basis of her race, and in retaliation for making good-faith complaints of race discrimination and/or harassment in connection thereto, in violation of Title VII and Section 1981.

## COUNT I
## DISCRIMINATION & RETALIATION
## TITLE VII, 42 U.S.C. § 2000e, *et seq.*

44. Paragraphs 1 through 43 are hereby incorporated by reference as though the same were fully set forth at length herein.

45. Defendant employed at least fifteen (15) employees at its location at all times relevant hereto.

46. Plaintiff is Hispanic, and as such is a member of a class protected under Title VII from unlawful discrimination or harassment because of race.

47. Plaintiff made good-faith complaints of discrimination on the basis of race.

48. Defendant failed to take appropriate remedial action to address Plaintiff's complaints.

49. Plaintiff was retaliated against for making good-faith complaints of discrimination on the basis of her race by being terminated from employment.

50. Defendant acted with reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

51. Because of Defendant's unlawful acts, Plaintiff suffered damages in the form of, *inter alia*, mental and emotional damages, loss of reputation, personal humiliation, and loss of life's enjoyment.

52. As a direct result of Defendant's deliberate, unlawful, wanton, and malicious actions, Plaintiff has suffered emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

### COUNT II
### DISCRIMINATION & RETALIATION
### 42 U.S.C. § 1981

53. Paragraphs 1 through 52 are hereby incorporated by reference as though the same were fully set forth at length herein.

54. Plaintiff avers that Defendant discriminated against her with respect to the terms and conditions of her employment on account of her race and retaliated against Plaintiff for her good-faith internal complaints of race discrimination, ultimately leading to her termination from employment in connection thereto. Plaintiff has suffered damages and seeks relief for these willful adverse actions.

55. Defendant's actions as aforesaid constitute violations of 42 U.S.C. § 1981.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgement in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00), and sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

B. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

C. Pre-judgment interest in an appropriate amount; and

D. Such other and further relief as is just and equitable under the circumstances.

## COUNT III
## DISCRIMINATION &RETALIAION
## PHRA, 43 P.S. § 951, *et seq.*

56. Paragraphs 1 through 55 are hereby incorporated by reference as though the same were fully set forth at length herein.

57. Defendant employed at least four (4) employees at its various locations at all times relevant hereto.

58. Plaintiff is Hispanic and as such is a member of a class protected under the PHRA from unlawful discrimination or harassment because of race.

59. Defendant subjected Plaintiff to or otherwise permitted the existence of a hostile work environment because of his race, in violation of the PHRA.

60. Plaintiff made good-faith complaints of discrimination on the basis of race.

61. Defendant failed to take appropriate remedial action to address Plaintiff's complaints.

62. Plaintiff was retaliated against for making good-faith complaints of discrimination on the basis of her race by being terminated from employment.

63. Defendant acted with reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

64. Because of Defendant's unlawful acts, Plaintiff suffered damages in the form of, *inter alia*, mental and emotional damages, loss of reputation, personal humiliation, and loss of life's enjoyment.

65. As a direct result of Defendant's deliberate, unlawful, wanton, and malicious actions, Plaintiff has suffered emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgement in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Compensatory damages in an amount to be determined at trial;

C.  Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D.  Pre-judgment interest in an appropriate amount; and

E.  Such other and further relief as is just and equitable under the circumstances.

F.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:  */s/ Mary Kramer*
     Mary Kramer, Esq.
     Michael Murphy, Esq.
     Eight Penn Center, Suite 1803
     1628 John F. Kennedy Blvd.
     Philadelphia, PA 19103
     TEL: 267-273-1054
     FAX: 215-525-0210
     mkramer@phillyemploymentlawyer.com
     murphy@phillyemploymentlawyer.com
     *Attorneys for Plaintiff*

Dated: September 2, 2022

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.

## **CERTIFICATE OF SERVICE**

I, Mary Kramer, Esquire, hereby certify that on September 2, 2022, I caused a true and correct copy of the foregoing to be filed via ECF, which will send notification of said filing to the following counsel of record:

Todd A. Ewan, Esquire
Michael R. Galey, Esquire
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
tewan@fisherphillips.com
mgaley@fisherphillips.com

*/s/ Mary Kramer*
Mary Kramer, Esq.

September 2, 2022